In re:  
Donald Sullivan  
    Debtor

Case No. 18-05109-RNO  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0314-5    User: admin    Page 1 of 1    Date Rcvd: Apr 01, 2019  
                   Form ID: 318    Total Noticed: 17

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2019.

```
db          +Donald Sullivan,    264 W. Main Street,    Nanticoke, PA 18634-1407
cr          +U.S. Bank National Association, as trustee, on beh,    Stern & Eisenberg, PC,    1581 Main Street,
              Suite 200,    Warrington, PA 18976-3403
5137976     +Comenitycb/Haband,    Po Box 182120,    Columbus, OH 43218-2120
5137978     +Fnb Omaha,    Po Box 3412,    Omaha, NE 68103-0412
5137979     +Pnc Bank, N.A.,    1 Financial Pkwy,    Kalamazoo, MI 49009-8002
5137980     +Pnc Mortgage,    Po Box 1820,    Dayton, OH 45401-1820
5141765     +Stern & Eisenberg, PC,    1581 Main Street, Suite 200,    The Shops at Valley Square,
              Warrington, PA 18976-3403
5137984      Usaa Fsb,    10750 Interstate Hwy. 10,    San Antonio, TX 78265
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5137973      EDI: BANKAMER.COM Apr 01 2019 23:23:00      Bk Of Amer,    Po Box 982238,    El Paso, TX 79998
5137974     +EDI: CHASE.COM Apr 01 2019 23:23:00      Chase Card,    Po Box 15298,    Wilmington, DE 19850-5298
5137975     +EDI: CITICORP.COM Apr 01 2019 23:23:00      Citi,    Po Box 6241,    Sioux Falls, SD 57117-6241
5137977     +EDI: DISCOVER.COM Apr 01 2019 23:23:00      Discover Fin Svcs Llc,    Po Box 15316,
              Wilmington, DE 19850-5316
5138258     +EDI: PRA.COM Apr 01 2019 23:23:00      PRA Receivables Management, LLC,    PO Box 41021,
              Norfolk, VA 23541-1021
5137981      E-mail/Text: jennifer.chacon@spservicing.com Apr 01 2019 19:31:42
              Select Portfolio Servicing, Inc.,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
5137982     +EDI: RMSC.COM Apr 01 2019 23:23:00      Syncb/Sams Club,    Po Box 965005,
              Orlando, FL 32896-5005
5137983     +EDI: RMSC.COM Apr 01 2019 23:23:00      Syncb/Walmart Dc,    Po Box 965024,
              Orlando, FL 32896-5024
5137985     +EDI: USAA.COM Apr 01 2019 23:23:00      Usaa Sb,    10750 Mcdermott Frwy,
              San Antonio, TX 78288-1600
                                                                                              TOTAL: 9
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*         +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2019                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 1, 2019 at the address(es) listed below:

```
          James Warmbrodt    on behalf of Creditor    PNC BANK NATIONAL  ASSOCIATION bkgroup@kmllawgroup.com
          Robert P. Sheils, Jr (Trustee)    rsheils@sheilslaw.com, PA41@ecfcbis.com;psheldon@sheilslaw.com
          Steven P. Kelly    on behalf of Creditor    U.S. Bank National Association, as trustee, on behalf
           of the holders of the Home Equity Asset Trust 2005-6 Home Equity Pass-Through Certificates,
           Series 2005-6 skelly@sterneisenberg.com, bkecf@sterneisenberg.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
          Wayne G Gracey    on behalf of Debtor 1 Donald  Sullivan wayneglegal@gmail.com,
           june@beaconlawyer.com
                                                                                              TOTAL: 5
```

| | | |
|---|---|---|
| Debtor 1 | **Donald Sullivan** | Social Security number or ITIN  xxx–xx–0742 |
| | First Name    Middle Name    Last Name | EIN  __–_____ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  ____ |
| | | EIN  __–_____ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number:  **5:18–bk–05109–RNO** | | |

# Order of Discharge                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Donald Sullivan

4/1/19

**By the court:**

*Robt N. Opel II*

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

---

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**